IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | | |
|---|---|---|
| **TERRY ANTONIO WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil Action No. 1:21-00656 |
| | ) | |
| **UNITED STATES OF AMERCIA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action with prejudice and deny Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 16) as moot.

## PROCEDURAL BACKGROUND

On December 15, 2021, Plaintiff, acting *pro se*,[1] filed his Application to Proceed Without Prepayment of Fees and Complaint seeking relief for alleged violations of his constitutional rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document Nos. 1 and 2.) In his Complaint, Plaintiff named the following as Defendants: (1) United States of America; (2) Mrs. Walters, Registered Nurse ("RN"); (3) Physician Assistant ("PA") Armstrong; (4) Mrs. Carothers, RN; and (5) Mrs. Davidson, PA. (Document No. 2.) Plaintiff alleges that Defendants acted with deliberate

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

indifference to his serious medical needs concerning his right wrist and right eye. (Id.) Plaintiff explains that between March and April 2021, Plaintiff went to medical concerning his right wrist because his hand and fingers were becoming numb and tingling. (Id., pp. 1 – 2.) Plaintiff claims that he suffered a pre-existing injury to his right wrist in 2013, but he is now suffering the above symptoms. (Id.) Plaintiff acknowledges that he was examined by Defendant Carothers, who informed Plaintiff that she would refer him to an outside "nerve doctor" for evaluation. (Id., p. 2.) Plaintiff alleges that Defendant Carothers then sent him to Defendant Armstrong to have his eye issue evaluated. (Id.) Plaintiff explains that he informed Defendant Armstrong that he was "seeing spots" and having blurry vision from his right eye. (Id.) Plaintiff contends that Defendant Armstrong explained that there was no optometrist at the facility and she would inform Defendant Carothers "about [Plaintiff's] right eye." (Id.) Plaintiff explains that in May or June 2021, he was taken to an outside doctor in Beckley for evaluation of his right wrist. (Id.) Plaintiff claims that the outside doctor conducted a nerve test on his right wrist and then informed Plaintiff of the following: "He needed to do a follow-up because [Plaintiff's] situation was serious," "a follow-up [was necessary] to prevent further nerve deterioration, and he would make a note to medical that he needs to do a follow-up in two weeks." (Id.) Plaintiff alleges that upon his return to FCI McDowell, Plaintiff informed Defendant Davidson of the foregoing. (Id.) Plaintiff contends that Defendant Davidson responded, "I will have you scheduled for a follow-up in two weeks." (Id.) Plaintiff asserts that in late May or June 2021, he was called to medical and Defendant Walters informed Plaintiff she was going to give him an eye exam. (Id.) Plaintiff explains that Defendant Walters performed an eye exam by having Plaintiff review the eye chart. (Id., pp. 2 – 3.) Plaintiff contends that following his review of the eye chart, Defendant Walters acknowledged that Plaintiff needed "a real eye examination" and she would have Defendant Davidson schedule Plaintiff an

appointment with an optometrist. (Id., p. 3.) Plaintiff complains that although it has now been approximately eight months since he initially requested treatment for his right wrist and right eye, Plaintiff has not yet received adequate treatment. (Id.) Plaintiff alleges that "both [of his] conditions of [his] right wrist and right eye have exacerbated." (Id.) Plaintiff asserts that he now has tingling continuously from his fingertips all the way to his right shoulder. (Id.) Plaintiff claims that his "right wrist and hand can no longer be used" and "the function that [he] once had has now deteriorated to no function." (Id.) Plaintiff explains that he can no longer write or hold objects in his right hand. (Id.) Plaintiff further alleges that he can no longer see out of his right eye and "it is completely black." (Id.) Plaintiff argues that the foregoing is the result of Defendants knowing failure to schedule timely appointments with outside specialists. (Id., pp. 3 – 4.) As relief, Plaintiff requests monetary damages. (Id., p. 4.)

By Order entered on February 14, 2022, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to issue process upon each named defendant. (Document No. 8.) The Clerk issued process the same day. (Document No. 9.) On April 18, 2022, Defendants filed a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 16 and 19.) Defendants argue that Plaintiff's claims should be dismissed based on the following: (1) "Dismissal of the Complaint pursuant to 28 U.S.C. § 1915A is appropriate" (Document No. 19, pp. 11 – 14.); (2) Plaintiff failed to exhaust his administrative remedies prior to filing suit (Id., pp. 14 – 17.); (3) Lack of personal involvement by Defendants Armstrong and Davidson (Id., p. 17.); (4) Defendant Carothers is a United States Public Health Service employee entitled to absolute immunity (Id., pp. 17 – 18.); (5) Plaintiff's allegations fail to establish deliberate indifference to a serious medical need (Id., pp. 18 – 21.); and (6) "Defendants are entitled to qualified immunity" (Id., pp. 21 – 22.)

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on April 19, 2022, advising him of the right to file a response to the Defendants' Motion. (Document No. 20.) On April 29, 2022, Plaintiff filed a Response to Defendants' Motion addressing *only* Defendants' argument that they were entitled to qualified immunity. (Document No. 25.) On July 11, 2022, Plaintiff filed a Motion for Extension of Time to file a complete Response to Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." (Document No. 28.) By Order entered on July 18, 2022, the undersigned granted Plaintiff's Motion and directed that Plaintiff file his complete Response by August 11, 2022. (Document No. 29.) Despite being granted a generous extension of time and being warned by the Court in accordance with Roseboro that inaction could result in dismissal of his action, Plaintiff has not filed a complete response to Defendants' above Motion requesting dismissal. After noting Plaintiff's lack of activity in this case, the undersigned issued an Order on August 26, 2022, directing Plaintiff to "show cause in writing on or before September 9, 2022, as to why this civil action should not be dismissed for failure to prosecute." (Document No. 33.) The undersigned specifically notified Plaintiff that if he had abandoned his intent to proceed in this action, the Court found no need to consider the merits of the pending "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 16). (Id.) The undersigned specifically notified Plaintiff that "failure to file a Response by **September 9, 2022**, will result in a recommendation of dismissal of this matter pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.) Despite being warned of the foregoing, Plaintiff has again failed to file a complete Response to Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." The undersigned notes that Defendants' Motion has now been pending before the Court for approximately five months.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

>   (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
>   (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Although Plaintiff filed a motion for extension of time on July 11, 2022, Plaintiff has done absolutely nothing since that time to demonstrate his interest in prosecuting this action. (Document No. 28.) Plaintiff failed to take action despite the Court's Roseboro Notice (Document Nos. 20), the Court's Order granting the generous extension of time (Document No. 29), and the Court's Order directing Plaintiff to show cause for his failure to prosecute (Document No. 33). The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals little to no prejudice to the Defendants. Although Defendants filed a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment," there is no indication that Defendants expended sufficient time or resources defending Plaintiff's action. Defendants' Motion largely relies upon the argument that Plaintiff failed to state cognizable claims and failed to exhaust his administrative remedies. Thus, the undersigned finds that dismissal for failure to prosecute would result in little to no prejudice to the Defendants.

With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record indicates that Plaintiff has now twice failed to file a timely, complete response to Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." Plaintiff completely failed to take any action in these

proceedings for approximately two months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as an indigent, *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Roseboro Notice and the Court's Order granting the extension of time. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed with prejudice[3] unless Plaintiff is able to show good cause for his failure to prosecute.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 2) with prejudice, **DENY as moot** Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 16), and remove this matter from the Court's docket.

---

[3] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise."

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: September 14, 2022.

Omar J. Aboulhosn
United States Magistrate Judge